UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

Prosper Ketorwokah Doamekpor,

       Plaintiff,                               Case No. 3:25-cv-020

v.                                                  Judge Thomas M. Rose

Central State University, *et al.*,

       Defendants.

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 21), DENYING PLAINTIFF'S MOTION TO AMEND (DOC. 28), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (DOC. 30) AND TERMINATING CASE**

---

      Before the Court are Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 21), Plaintiff's Motion to Amend (Doc. 28), and Plaintiff's Motion for Leave to File Sur-Reply. (Doc. 30.) On January 21, 2025, *pro se* Plaintiff Prosper Ketorwokah Doamekpor charged Defendants Central State University, Human Resources Director Pamela Bowman, Acting Dean and Vice President Morakinyo Kuti, and Cindy Folck with employment discrimination in violation of 42 U.S.C. §2000e. (Doc. 13.)

      Defendants moved to dismiss for reasons that include that Plaintiff's original complaint is time barred, (Doc. 21, PageID 421), which it is. Plaintiff's responses include a Motion to Amend the Complaint that seeks to recast Plaintiff's claims. (Doc. 28.) Because amending the Complaint as Plaintiff proposes would be futile, the Court must deny the Motion to Amend. (Doc. 28.)

I.      **Background**

*Pro se* Plaintiff Prosper Ketorwokah Doamekpor was employed by Defendant Central State University as an Associate Professor and Program Leader (Doc. 1-1, ¶ 1). On May 29, 2024, Doamekpor submitted concerns to Human Resources Director, Defendant Bowman and the Acting Dean, Defendant Kuti after receiving a low performance evaluation. (Doc. 1-1, ¶¶ 2, 3.). Doamekpor felt the low performance evaluation from his supervisor, Defendant Folck, stemmed from both Doamekpor and Folck applying for the same position. (Id. ¶ 2; Doc. 1-3).

On August 29, 2023, Doamekpor was placed on administrative leave because of a pending administrative investigation. (Doc. 1-1 ¶ 5). Doamekpor's Complaint includes an attachment of the allegations from the administrative investigation. (Doc. 1-5, PageID 35-38). The four-page summary of the allegations include multiple alleged performance deficiencies, alleged violations of the travel policy and alleged misuse of a purchase card. (*Id.*)

On September 4, 2023, Doamekpor filed charges with both the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-1, PageID 5-20; Doc. 13, PageID 309-324). In the OCRC charge, Doamekpor indicated that the date of discrimination was August 29, 2023. (*Id*. PageID 5). OCRC provides a checklist and asks the charging party to indicate the basis of discrimination. The form provides the following options: Race, Retaliation, National Origin, Disability, Religion, Ancestry, Sex, Color, Military Status, and Age. The only basis of discrimination that Doamekpor indicated was "Retaliation." (*Id*.).

According to the Doamekpor's charge, Defendants' alleged discriminatory acts occurred when Folck "had applied for. (sic) wanted to sabotage [Doamekpor's] chances." (*Id*.)

Doamekpor further alleges that the process of being placed on administrative leave "is a result of unfounded assumptions and biased perceptions." (*Id*. PageID 7).

The EEOC Inquiry form provides additional information. (Doc. 1-1, PageID 15; Doc. 13, PageID 312). This form lists the reason for Doamekpor's charge as "Age- I am 40 years of age or older, National origin and/or ethnicity, Retaliation – I complained to my employer about job discrimination." (*Id*.). The inquiry form repeats the same adverse actions that were described in the OCRC charge.

According to the form, Doamekpor provided this information to the EEOC during a phone interview on November 15, 2023. (*Id*.). The OCRC form that was sent to the EEOC also indicated that Doamekpor was filing the claim under the Age Discrimination Employment Act. (*Id*. PageID 17).

The EEOC issued a Notice of Right to Sue on October 3, 2024. (Docs. 1-1, 13, Complaint ¶ II.A). Doamekpor acknowledged receiving the Notice of Right to Sue on October 12, 2024. (*Id*. Complaint ¶ II.B). Doamekpor's Complaint was initially filed on January 21, 2025 without payment of the required fees to institute the case. (*See* Doc. 12, PageID 304). Upon payment of the required fees, per order of the Court, the Complaint was filed on May 19, 2025. (Doc. 12, PageID 304).

On June 20, 2025, Defendants filed their Motion to Dismiss for Failure to State a Claim (Doc. 21) seeking dismissal of all claims. On June 27, 2025, Plaintiff filed his Memorandum in Opposition. (Doc. 24). The Court has also reviewed Plaintiff's Notice of Supplemental Authority. (Doc. 25). Defendants then filed their Reply. (Doc. 26). Thereupon, Plaintiff filed his

3

Motion for Leave to File Sur-Reply (Doc. 30) which the Court hereby **GRANTS**, taking notice of the tendered sur-reply. (Doc. 30-1).

On July 17, 2025, Plaintiff filed his Motion for Leave to File First Amended Complaint. (Doc. 28). Defendants responded in opposition to the Motion for Leave to File First Amended Complaint. (Doc. 31). Plaintiff filed his Reply. (Doc. 32). The Court has also reviewed Notice of Supplemental Exhibits in Support of Motion for Leave to File First Amended Complaint (Doc. 33) and Notice of Clarification Regarding Temporal Proximity and Defendant Roles. (Doc. 34). The matter is ripe for review.

## II.   Standard of Review

Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint. (Doc. 21.) To survive a motion to dismiss under Rule 12(b)(6), a challenged pleading "must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A complaint need not contain "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In addition, federal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe,*

4

951 F.2d 108, 110 (6th Cir.1991). However, "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted). Accordingly, this Court is not required "to explore exhaustively all potential claims of a *pro se* plaintiff," as this would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985). Only well-pleaded factual allegations contained in the complaint and amended complaint are considered on motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir.1997), overruled on other grounds, *Swierkiwica v. Sorema, N.A.*, 534 U.S. 506 (2002); *see also Cox v. Hiland*, No. 5:13-cv-179, 2014 WL 7150046, at *1 (W.D. Ky. Dec. 15, 2014).

### III. Analysis

#### A. Motion to Dismiss

Assuming arguendo that Doamekpor exhausted his administrative remedies relative to Title VII or the ADEA, Doamekpor's Complaint is time barred because he did not file it within ninety days of receiving his Notice of Right to Sue from the EEOC. To pursue a cause of action under Title VII or the ADEA, a Plaintiff must file a lawsuit within ninety days of receiving a Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). If the Complaint is not filed within ninety days of when a plaintiff receives a Notice of Right to Sue, the court must dismiss the complaint. *Tate v. United Servs. Assocs., Inc.*, 75 Fed. App'x 470, 471 (6th Cir. 2003). The EEOC issued a Notice of Right to Sue for Doamekpor's charge on October 3, 2024. Doamekpor acknowledged receiving the Notice of Right to Sue on October 12, 2024. Ninety

5

days from October 3, 2024 is January 1, 2025; ninety days from October 12, 2024 is January 10, 2025.

Doamekpor filed his initial Complaint on January 21, 2025, one hundred and one days after receiving the Notice of Right to Sue. Accordingly, the Complaint must be dismissed. *See Gan v. IBM*, 348 F. Supp. 2d 273, 275 (S.D.N.Y. 2004) (dismissing *pro se* plaintiff who filed 103 days after receipt of EEOC right to sue). Thus, this case must be dismissed, unless Doamekpor's Motion to Amend the Complaint (Doc. 28) proves not to be futile.

### B. Plaintiff's Motion to Amend the Complaint

The first and third counts of Doamekpor's proposed amended complaint arise under 42 U.S.C. § 1983:

> COUNT I - VIOLATION OF DUE PROCESS (42 U. S. C. § 1983)
>
> 14. Plaintiff was denied meaningful notice or opportunity to be heard regarding critical employment actions, including removal of access and withholding of earned compensation.
>
> 15. [Central State]'s arbitrary deprivation of Plaintiff s liberty and property interests, including his right to defend his professional record and to access personal property, violated his due process rights.

(Doc. 28-1, PageID 455).

> COUNT III - UNLAWFUL TERMINATION UNDER § 1983
>
> 18. Plaintiff's termination was not based on just cause, as found by the UCRC, and was a pretext for unlawful motives including discrimination, retaliation, and violation of institutional procedure.
>
> 19. Individual Defendants acted under color of state law to effect this termination without adherence to due process or legal justification.

(*Id.*).

Under § 1983, a Plaintiff can pursue a claim against "[e]very person who" causes the Plaintiff deprivation of rights secured by the Constitution. 42 U.S.C. § 1983. The Supreme Court has held that "neither the State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As a public institution, Central State is an arm of the state. Ohio Rev. Code § 3345.011. Thus, Central State is not a person subject to suit under § 1983. *See McKenna v. Bowling Green State Univ.*, 568 Fed. App'x 450, 456 (6th Cir. 2014).

In addition to not qualifying as a person under § 1983, as an arm of the state Defendant Central State is immune under the Eleventh Amendment. *McKenna*, 568 Fed. App'x at 457; s*ee also*, *Fisher v. Kent State Univ.*, 459 Fed. Appx. 508, 510 (6th Cir. 2012); *Dehen v. Ohio State Univ.*, No. 2:23-cv-517, 2023 WL 4842706, at *2 (S.D. Ohio June 5, 2023).

The officials who work for Central State also have immunity when sued in their official capacity because this is the same as suing an official's office, which, in turn, is the same as suing the State itself. *Qui v. Univ. of Cincinnati*, 803 Fed App'x 831, 838 (6th Cir. 2020) (quoting *Will v. Mich. Dep't. of State Police*, 491 U.S. 58. 71 (1989)). Doamekpor's claims against the Individual Defendants in their official capacity are barred by the Eleventh Amendment.

Doamekpor's request for injunctive relief does not make his claims against the individual defendants viable. There is one exception to sovereign immunity of state officials and that is when a plaintiff is seeking an injunction to address an ongoing violation of federal law or prospective relief. *Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023); *Carnes v. Ohio Dep't of Tax'n*, No. 23-3694, 2024 U.S. App. LEXIS 21593, at *3 (6th Cir. May 24, 2024). In his prayer for relief, Doamekpor requests that the Court "[d]eclare that Defendants violated Plaintiff's federal rights."

7

This type of declaration is not sufficient to provide this court jurisdiction because it does not seek an order addressing Defendants' prospective conduct.

The gravamen of Doamekpor's lawsuit was the termination of his employment. His proposed Amended Complaint does not seek reinstatement. (Doc. 28-1). Doamekpor did request reinstatement in his initial complaint (Doc. 1-1); however, he does not seek this remedy in the proposed Amended Complaint. (Doc. 28-1). As his proposed Amended Complaint only seeks monetary damages for past conduct, it is barred by the Eleventh Amendment as to the Individual Defendants in their official capacity.

Finally, the individual defendants have qualified immunity to the extent they are being sued in their personal capacity. Qualified immunity shields government officials from liability for civil damages in actions brought under § 1983, so long as their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Allegations against individual defendants must include allegations of the individual's own unconstitutional behavior. *See Shah v. Univ. of Toledo*, No. 21-4153, 2022 U.S. App. LEXIS 16602, at *8 (6th Cir. June 15, 2022).

When a defendant raises qualified immunity, the plaintiff has the burden of showing a defendant is not entitled to qualified immunity. *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). To defeat a qualified immunity challenge of a complaint, the Plaintiff is "obliged to plead facts that viewed in the light most favorable to him, make out a violation of a constitutional right." *Johnson*, 790 F.3d at 653 (noting that the allegations must demonstrate that each defendant violated a plaintiff's rights through their own actions).

Doamekpor's counter argument on qualified immunity is terse: "[Central State]'s

invocation of qualified immunity is premature and inappropriate at this stage." (Doc. 32, PageID 495). Doamekpor does not describe any conduct taken by any of the Individual Defendants other than conclusory allegations. The proposed Amended Complaint contains no factual allegations beyond generalizations. (*See* Doc. 28-1).

Courts should resolve whether a defendant is entitled to qualified immunity as early in litigation as possible. *Johnson v. Mosely*, 790 F.3d 649, 653 (6th Cir. 2015) ("Qualified immunity is not a defense against liability, but against suit itself") (citation omitted). A claim against a government official that is not sufficiently pleaded should be resolved prior to discovery. *Id*. Doamekpor has not identified any wrongdoing on the part of any of the individual defendants that suggests they should be subjected to a lawsuit.

The Second Count of the proposed Amended Complaint suffers from the same deficiency as the original Complaint:

> COUNT II - RETALIATION UNDER TITLE VII
>
> 16. Plaintiff reported discrimination and unfair evaluation practices and subsequently faced escalating administrative scrutiny and eventual termination.
>
> 17. Defendants' adverse actions were in retaliation for Plaintiffs protected conduct and violated Title VII of the Civil Rights Act of 1964.

(Doc. 28-1, PageID 456)

Title VII timelines dictate that a plaintiff has ninety days to file a lawsuit after receiving notice from the EEOC of the plaintiff's right to sue. 42 USC 2000e-5(f)(1). Courts strictly enforce this 90-day statutory limit; *Gibson v. Clossman Catering, LLC*, No. 1:19-cv-263, 2020 U.S. Dist. LEXIS 49115, at *3 (S.D. Ohio Mar. 23, 2020). Although Doamekpor's proposed Amended

Complaint (Doc. 28-1) does not state when he received the Notice of Right to Sue, Doamekpor's Complaint states that the notice was issued October 3, 2024. (Doc. 1-1). Doamekpor alleges he received it on October 12, 2024. (Doc. 1). Accordingly, Doamekpor's Complaint was filed after the ninety-day deadline stated in his notice.

Doamekpor's failure to plead the date Doamekpor received the Notice of Right to Sue or when it was issued does not change that Doamekpor's Title VII cause of action is untimely. Doamekpor is not entitled to equitable tolling. Courts may consider tolling the statutory deadline if a Plaintiff demonstrates that they did not have notice of a deadline. *See Jones v. Natural Essentials*, 740 Fed. App'x 489, 493 (6th Cir. 2018). In this instance, even if Doamekpor received notice on October 12, 2024, he did not file within ninety days of when he received notice.

As there are no facts suggesting Doamekpor did not receive notice, he is not entitled to toll the statutory deadline to file a claim. Additionally, Doamekpor has not included any allegations that constitute retaliation. Doamekpor's proposed Amended Complaint states that Doamekpor "reported discrimination and unfair evaluation practices and subsequently faced escalating administrative security and eventual termination." Doamekpor's lack of allegations supporting the generalized statement that he complained about discrimination does not meet his burden to withstand a motion to dismiss. See *Qiu v. Univ. of Cincinnati*, 803 Fed. App'x 883, 841 (6th Cir. 2020) (Court affirmed dismissal of retaliation claim because plaintiff made no allegation about how adverse action was related to plaintiff's request for a hearing); *Wei Qui v. Bd. of Educ. Of Bowling Green Indep. Sch.*, 24-5368, 2024 U.S. App. LEXIS 32587, at *4-5 (6th Cir. Dec. 23, 2024) (noting plaintiff "alleged—in conclusory fashion—that the Board discriminated against her" but plaintiff provided "no facts supporting this conclusory allegation."). Doamekpor's proposed

amendments to his Title VII cause of action do not change the untimeliness of the claim and do not provide any allegations beyond conclusions and generalizations. Therefore, the Court cannot grant Doamekpor leave to amend his Complaint to include the retaliation claim.

In Count IV and Count V of his proposed Amended Complaint, Doamekpor attempts to plead contractual and tort causes of actions:

> COUNT IV - FAILURE TO PAY EARNED COMPENSATION
>
> 20. [Central State] failed to pay Plaintiff approximately $54, 800 in allocated salary from two federal grants, despite signed budgets and performance documentation.
>
> 21. Plaintiff was denied records to confirm or dispute this compensation shortfall, resulting in further financial and reputational harm.
>
> COUNT V - CONVERSION & DEPRIVATION OF PROPERTY
>
> 22. Defendants unlawfully seized and retained Plaintiffs personal and professional property without inventory or lawful procedure.
>
> 23. [Central State] has failed to return academic materials, external drives, and equipment despite repeated documented requests.

(Doc. 28-1, PageID 457).

This Court does not have jurisdiction to consider state law claims against Defendants. The United States Constitution bars federal court jurisdiction over pendent state law claims against non-consenting states or state officials, regardless of the remedy sought by a plaintiff. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1983). *Carnes v. Ohio Dep't of Tax'n*, No. 23-3694, 2024 U.S. App LEXIS 21593, *3 (6th Cir. May 24, 2024). As this Court lacks jurisdiction over Doamekpor's proposed state law claims, the Court cannot permit Doamekpor to amend his initial Complaint by adding these claims.

**IV.**     **Conclusion**

The Court **GRANTS** Plaintiff's Motion for Leave to File a Sur-Reply (Doc. 28) and Plaintiff's Sur-Reply (Doc. 30-1, 30-2, and 30-3) is **DEEMED FILED**. Because Plaintiff's Complaint fails to state a claim and because any claim is barred, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. 21.) Because any amendment would be futile, the Court **DENIES** Plaintiff's Motion to Amend. (Docs. 28.) The Court thus **DISMISSES** Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk is **ORDERED** to **TERMINATE** this case on the dockets of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 15, 2025.

                                                                        s/Thomas M. Rose
                                                   _____
                                                         THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE